Hobstblowbe, G. J.
The complaint is not sufficient to sustain this action. It charges Valentine with having been a tenant, but when, is not stated, nor does it any-where allege that he is tenant of the plaintiff. JSor does it charge the other two defendants as tenants except as under Valentine, by collusion.
Another error is that the justice did not charge the jury. His reading the statute to them is not giving a charge. There is an important distinction between eonstruetive and aetual possession, which he ought to have set forth in his charge.
In cases of collusion, under-tenants might be held jointly liable as fraud-doers; but separate possessions constitute separate tenants, and they must be sued in separate actions.
Fobd, J. I would if possible get over the objections in this case, from a desire to render justice to the plaintiff; but the complaint is fatally defective.
1. It does not state who was landlord; and 2. It does not mention when the tenancy expired.
Rykrso.v, J. One person may own land in fee simple, and another be a tenant thereof from year to year, and yet there may be no connection between them. The complaint does not state even, who is landlord of the defendant, nor when the term of tenancy expired, which it should do. The judgment must be reversed also for want of a proper charge by the justice. Aetual possession of a landlord must be proved ; eonstruetive, is not sufficient to sustain this action.
The justice should have charged that in order to make the defendants jointly liable, their possession must be joint.

Judgment reversed.

Cited in Berry v. Williams, 1 Zab. 429; Townly v. Rufan, 1 Zab. 676.